■ NEW YORK SHIPPING ASSOCIATION, INC., Respondent-Appellant, v RETLA STEAMSHIP COMPANY, Respondent, and EAST COAST OVERSEAS CORP., Appellant.—Order, Supreme Court, New York County, entered July 30, 1974, which granted plaintiff's motion for summary judgment against defendant East Coast Overseas Corp. and denied that defendant's cross motion to dismiss the complaint as to it, unanimously reversed, on the law, plaintiff's motion for summary judgment against defendant East Coast Overseas Corp. denied, defendant East Coast Overseas Corp.'s cross motion to dismiss the complaint as to it granted and the complaint dismissed and the action severed as to defendant East Coast Overseas Corp., defendant Retla Steamship Company's motion to dismiss the complaint as to it denied; plaintiff's cross motion for summary judgment against defendant Retla Steamship Company granted, and the matter remanded for an assessment of damages sustained by plaintiff against defendant Retla. Defendant-Appellant shall recover of plaintiff-respondent-appellant $60 costs and disbursements of this appeal; and plaintiff-respondent-appellant shall recover $60 costs and disbursements of its cross appeal from defendant-respondent. Plaintiff is a multiemployer bargaining association representing employers of longshore labor in the Port of New York. The defendant Retla Steamship Company is a California corporation qualified to do business in the State of New York and is engaged in operating vessels in foreign commerce, some of which unload cargo in the Port of New York. Retla does not directly employ longshore labor but uses a stevedoring company, which is a member of the plaintiff. Defendant East Coast Overseas Corp. does not own or operate vessels but acts as an agent for several steamship companies and served as Retla's agent during the period October 1, 1969 to February 14, 1972, which is the period for which the plaintiff seeks a tonnage assessment on cargo unloaded in the Port of New York. This tonnage assessment pays for fringe benefits of longshoremen. However, East Coast had no stevedoring responsibility for Retla. Retla asserts it never had any working relationship with the plaintiff that obligated it to pay any portion of the tonnage assessment. Nonetheless, the legality of the charge is derived from the approval by the Federal Maritime Commission, as confirmed by the United States Court of Appeals for the District of Columbia *(Transamerican Trailer Transp. v Federal Mar. Comm.,* 492 F2d 617). The Federal Maritime Commission has primary jurisdiction over the regulation of shipping matters. (See *Far East Conference v United States,* 342 US 570, 574–575.) East Coast, on the other hand, was merely an agent for other purposes of the defendant Retla and has no obligation for this tonnage assessment. Concur—Stevens, J. P., Kupferman, Lupiano, Capozzoli and Lane, JJ.